**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PIERRE KORY, M.D.; LE TRINH HOANG, D.O.; BRIAN TYSON, M.D.; PHYSICIANS FOR INFORMED CONSENT; CHILDREN'S HEALTH DEFENSE,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>ROB BONTA, in his official capacity as Attorney General of California; REJI VARGHESE, in his official capacity as Executive Director of the Medical Board of California; ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California,<br><br>    Defendants - Appellees. | No. 24-2946<br><br>D.C. No.<br>2:24-cv-00001-WBS-AC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted November 4, 2024
Pasadena, California

Before: SCHROEDER, W. FLETCHER, and CALLAHAN, Circuit Judges.
Concurrence by Judge CALLAHAN

---

    *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs-Appellants are California physicians and non-profit organizations with which they are affiliated. They filed this 42 U.S.C. § 1983 action against the California Attorney General and the executive officers of the boards that regulate the medical profession in California. Pursuant to California Business & Professions Code § 2234(c), the boards are to take disciplinary action against physicians who engage in "unprofessional conduct" by deviating from the "standard of care." Plaintiffs raised First Amendment challenges to prevent any enforcement that might arise from Plaintiffs' expression of views regarding Covid-19 treatment and vaccination. The district court denied a preliminary injunction because Plaintiffs failed to establish a likelihood of success on either a facial challenge or a challenge to the statute as applied to Plaintiffs.

To the extent that Plaintiffs on appeal seek to maintain a facial challenge, we must affirm, because the statute regulates conduct, not speech. *See Tingley v. Ferguson*, 47 F.4th 1055, 1072, 1074 (9th Cir. 2022), *cert. denied*, 144 S. Ct. 33 (2023). It provides for enforcement of the standard of care, which is the standard for physicians' treatment of patients. *See Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 884 P.2d 142, 145 (Cal. 1994) (explaining that the standard of care creates requirements for "treatment of [the] patient" (citation omitted)). The statute does not purport to regulate speech unrelated to treating patients or require any particular communication. It is therefore unlike the statute in *National Institute of*

*Family and Life Advocates v. Becerra*, which required communication of a particular message "regardless of whether a medical procedure [wa]s ever sought, offered, or performed." *See* 585 U.S. 755, 770 (2018).  Plaintiffs have not established any likelihood of success on a facial challenge, and in their reply brief and at oral argument, they have disclaimed pursuing one.

      To establish standing for their as-applied challenge, Plaintiffs must show a credible threat that the Defendants will prosecute them under the statute.  *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014).  None of the Plaintiffs have been prosecuted under the statute, and Defendants have not threatened enforcement against them.  So far as the record discloses, the only disciplinary proceedings against a physician related to Covid-19 communications or treatment involved a physician encouraging her patient to use veterinary ivermectin and resulted in the stipulated surrender of her license.

      Plaintiffs nonetheless contend there is a threat that Defendants may prosecute them under the statute for making protected speech.  To determine whether a purported threat is sufficient to establish an injury for Article III standing, we consider three factors: (1) whether Plaintiffs have a "'concrete plan' to violate the law"; (2) whether Defendants have "communicated a specific warning or threat to initiate proceedings" against them; and (3) whether there is a "history of past prosecution or enforcement."  *See Tingley*, 47 F.4th at 1067

(quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc)).  Plaintiffs have not shown that any of these factors are present here.  The district court therefore correctly ruled Plaintiffs lack standing to bring an as-applied challenge to § 2234(c).

**AFFIRMED.**



FILED

NOV 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CALLAHAN, Circuit Judge, Concurring in the Judgment:

I believe Plaintiffs have standing to bring an as-applied challenge, but concur in the judgment because Plaintiffs have not established a likelihood of success on the merits at this stage of the proceedings.