UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PIERRE KORY, M.D., LE TRINH HOANG, D.O., BRIAN TYSON, M.D., PHYSICIANS FOR INFORMED CONSENT, a not-for-profit corporation, and CHILDREN'S HEALTH DEFENSE, a not-for-profit corporation, | No. 2:24-cv-001 WBS AC |
| Plaintiffs, | ORDER SETTING BRIEFING SCHEDULE |
| v. | |
| ROB BONTA, in his official capacity as Attorney General of California, REJI VARGHESE, in his official capacity as Executive Director of the Medical Board of California, and ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California, | |
| Defendants. | |

----oo0oo----

In April 2024, the court denied plaintiffs' motion for preliminary injunction (Docket No. 14).  (Docket No. 23.)

1

Plaintiffs then filed an interlocutory appeal of that ruling at the United States Court of Appeals for the Ninth Circuit. (Docket No. 24.)  In November 2024, a panel of the Ninth Circuit affirmed this court's denial of plaintiffs' motion for preliminary injunction (see Docket Nos. 38, 39); plaintiffs again appealed, seeking review at the Supreme Court of the United States (see Docket No. 40).

The parties filed a joint status report (the parties' "JSR") in May 2026 informing the court that plaintiffs' petition for certiorari had been denied by the Supreme Court.  (Docket No. 47 at 1.)  The parties further advise the court of their mutual desire to file certain motions.  (Id.)

Defendants propose filing a motion to dismiss on the grounds that "the Ninth Circuit's decision affirming this Court's ruling was left undisturbed by the U.S. Supreme Court."  (Id.) Plaintiffs, however, argue that "[t]he Ninth Circuit's memorandum disposition and this Court's underlying order have been abrogated by two intervening Supreme Court decisions" -- Chiles v. Salazar, 146 S. Ct. 1010 (2026) and First Choice Women's Res. Centers, Inc. v. Davenport, 146 S. Ct. 1114 (2026) -- and so propose filing a renewed motion for preliminary injunction, and potentially for summary judgment.  (Id. at 1–2.)

While both plaintiffs and defendants are each prepared to file any motions as early as June 15, 2026, they disagree "regarding the proper next steps."  (Id.)  Thus, they request the court determine the best course of action and set a briefing schedule thereto.  (Id.)

2

IT IS THEREFORE ORDERED that plaintiffs SHALL file their renewed motion for preliminary injunction or motion for summary judgment on or before **June 29, 2026.**  Defendants may file their response in opposition no later than **July 13, 2026.** Plaintiffs may file a sur-reply, if they so choose, no later than **July 20, 2026.**

Accordingly, oral argument on the motion(s) will be heard on **Monday, August 3, 2026,** at **1:30 p.m.** in Courtroom 5. Personal appearances by counsel are required.

The court further ORDERS the July 27, 2026, Scheduling Conference reset for **October 19, 2026,** at **1:30 p.m.** in Courtroom 5.  Personal appearances by counsel are required.  The parties shall file a Joint Status Report with proposed schedule no later than fourteen days before the Scheduling Conference.

IT IS SO ORDERED.

Dated:  June 15, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3